UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


GARY TOOKER,

      Plaintiff,

    v.                                    ORDER

MICHAEL J. ASTRUE,                Civil No. 07-1119-ST
Commissioner of Social Security,

      Defendant.

HAGGERTY, Chief Judge:

      Magistrate Judge Stewart referred to this court a Findings and Recommendation [31] in this matter. Judge Stewart recommends that the Commissioner's decision to deny plaintiff Supplemental Security Income (SSI) disability benefits be affirmed. Plaintiff filed timely objections to the Findings and Recommendation and defendant filed a timely response. For the following reasons, this court adopts the Findings and Recommendation in part.

1  - ORDER

**STANDARDS**

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

**BACKGROUND**

The Findings and Recommendation contains a detailed factual summary outlining the history of this matter, and a detailed summary of the legal standards relevant to the issues in this case.  The facts and standards need not be repeated here.

**DISCUSSION**

This court has reviewed the Findings and Recommendation *de novo* and plaintiff's objections.  The Findings and Recommendation is well reasoned in most respects and most of plaintiff's objections are without merit.  However, the Administrative Law Judge's (ALJ) residual functional capacity (RFC) assessment was not based on substantial evidence and cannot be affirmed.  Plaintiff has a severe foot impairment and is obese.  Several doctors opined on the plaintiff's ability to stand and/or walk.  The ALJ determined that the plaintiff had the RFC to stand and/or walk for six hours out of an eight-hour workday and stand and/or walk for up to ten minutes at one time.  Tr. 19.[1]  The ALJ made this determination based on the opinion of Dr. Kenneth Manuele, D.O., who filled out a form indicating that plaintiff was so limited on November 8, 2004. Tr. 21.  Doctor Manuele later decided to amend his opinion and on January

---

[1] Tr. refers to the Transcript of the Administrative Record.

2   - ORDER

7, 2005, opined that plaintiff could stand no more than 10 minutes without changing position and could stand and/or walk for four hours in an eight-hour day. Findings and Recommendation at 21. Additionally, Dr. Mary Ann Westfall, M.D., opined that plaintiff could stand and/or walk "at least two hours in an eight-hour workday." Tr. 228.

This court concludes that there was not substantial evidence to support the ALJ's RFC assessment. The notion that plaintiff could stand for six hours in an eight-hour day but only do so for ten minutes at a time is on its face inconsistent. It simply does not seem possible that a person who could stand for only ten minutes at a time, would also be able to stand for six out of eight hours. In order to stand for six hours in an eight-hour workday, a person so limited would need to alternate between standing for ten minutes and sitting for three and one third minutes for the entire day.

The determination of the ALJ must be upheld if it is based on substantial evidence. Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). This court finds the ALJ's RFC determination to be unreasonable to the degree that it is not upheld by substantial evidence.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Pursuant to this remand, the ALJ shall

3  - ORDER

reformulate plaintiff's RFC in light of the evidence in the record.  The ALJ shall also consult with a VE regarding the new RFC and determine whether there are jobs plaintiff can perform in light of his RFC, age, education, and work experience.  Plaintiff shall have the opportunity to submit additional evidence regarding his alleged limitations in grasping or manipulating objects.

## **CONCLUSION**

For the foregoing reasons, the court adopts the Findings and Recommendation [31] in part.  This court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this   25   day of November, 2008.

                                                   /s/ Ancer L. Haggerty  
                                                         Ancer L. Haggerty  
                                                 United States District Judge